[No. 3,374.]

## THOMAS S. HAYDEN, ELIZABETH E. HAYDEN, CHARLOTTE J. E. HAYDEN, WM. S. NIVIN, AND MARIA L. NIVIN v. JANE LEONORA HAYDEN, C. H. BURTON, AND OTHERS.

AMENDMENTS TO PLEADINGS.—Courts should be liberal in allowing amendments to pleadings, to the end that cases may be fully and fairly presented upon their merits. Motions to amend are not, however, to be granted as matter of course, but only when good cause is shown therefor.

WHEN SUIT IN EQUITY IS NOT STALE.—If a judgment removing an alleged cloud on title to real estate is obtained by fraudulent practices, and the defendants do not reside in the State, they may maintain an action to set aside the judgment and have their title to the land established within three

years after their discovery of the facts constituting their cause of action, and the case is not stale because twelve years may have elapsed before suit was commenced.

EQUITY WILL GRANT RELIEF AGAINST FRAUDULENT JUDGMENT.—If one dies seized of real estate, leaving children in another State, and an interest in the real estate descends to the children, and the children are ignorant of their right to the property, and the widow of the deceased informs the children that the deceased left no property, and at the same time, by fraudulent practices, obtains a judgment against them decreeing that they have no interest in the land, and enjoining them from setting up any title thereto, a Court of equity will grant relief by setting aside the judgment and establishing the children's right to the property, and such relief will be granted as against parties who purchased the property from the widow with notice.

JUDGMENT VALID ON ITS FACE.—If a judgment on the face of the roll appears to be valid, those who purchase property on the faith of it are protected, even if it was procured by fraudulent practice, if they had no actual notice of such fraudulent practices.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion.

*Williams & Thornton,* for Respondent Waterman; *G. F. & W. H. Sharp,* for Respondents; and *S. H. Brodie,* Respondent *in pro. per.*

The Court did not err in refusing to allow the amendment. (*Meagher* v. *Gagliardo,* 35 Cal. 602; *Pope* v. *Dalton,* 31 Cal. 218; *People* v. *Yount,* 23 Cal. 156.)

The Court, in furtherance of justice, will not do the vain thing of allowing an amendment, setting up a cause of action clearly barred by time.

Upon an amendment being allowed, the suit cannot, until then, be considered as commenced, *quoad* the new cause of action. If barred at the time of amendment the Statute of Limitations will avail the defendants. (*Miller's Heirs* v. *McIntyre,* 6 Peters, 61: *Holmes* v. *Trout,* 7 Peters, 197; *Alexander* v. *Pendleton,* 8 Cranch. 462.)

The complaint sets forth no equity, in that it did not show when, where, or how the discovery of the supposed fraud

was made. Fraud, discovered within three years, must be averred, not generally; but the complaint must avow how or why the facts averred could not have been discovered sooner. (*Williams* v. *Price*, 11 Cal. 212.)

At common law a pleading which sets up or avoids a legal statutory defense is sufficient, if it follows the words of the statute; but these plaintiffs are now in a Court of equity, and they must affirmatively establish, not only that they are not barred by any statute, but also that they have observed diligence and good faith, and that their claim is not stale. Nothing but diligence and good faith will induce Courts of equity to lend their aid. There is here no diligence, for plaintiff constructively knew what the records showed. There is no good faith here, in lying by for over twelve years after David Hayden's death, and until the land has increased in value through the labor and money of the defendants. The plaintiffs did know of the deed standing in Mrs. Hayden's name, which of record showed that she might claim the interest as her separate property, and they did know of the decree, which showed that she did so claim. A void decree, even, will start the Statute of Limitations. (*Harlan* v. *Peck*, 33 Cal. 515.) So will a conveyance under a void power of attorney. (*Hill* v. *Welton*, 2 Murphy; *Ewing* v. *Burnett*, 8 Pet. 341; *La Fromboys* v. *Jackson*, 8 Cowen, 589; Angell on Lim., Sec. 445.)

After a great lapse of time plaintiff's averments, as to his excuse for not filing the bill sooner, must be reasonable, certain, and definite, as to the time when the fraud was discovered, how discovered, and what the discovery was—whether any effort was made to ascertain from the Recorder's office, or Court's records, the true condition of the title, or whether the County Recorder's office did, or did not, contain notice of what was, or might be, the true title.

"The defense of a stale claim is an appeal to the Court not to assist a complainant who has slept on his rights; for

every claimant who asks relief of a Court of Equity ought to ask relief within a reasonable time, so that in giving him a decree the Court may not do injustice to the defendant." (*Atkinson* v. *Robinson*, 9 Leigh, 393 ; *Stearns* v. *Page*, 1 Story's R. 204 ; *Williams* v. *Price*, 11 Cal. 212 ; 7 Howard's R., U. S., 819, 246, 247 ; *Erickson et al.* v. *Quinn*, Albany Law Journal, Jan. 28, 1871.)

Staleness of the demand may be relied on at the hearing, even though it is not insisted on in the answer, still more when, as in this case, the answer sets it up. (*Baker* v. *Biddle*, 1 Baldwin's R. 394. And when no Statute of Limitations governs the case. (Story's Equity Pleadings, Sec. 485 ; *Johnson* v. *Johnson*, 5 Alabama, 90 ; *Juzam* v. *Toulmin*, 9 Alabama, 662 ; *Wagner* v. *Baird*, 7 Howard's R., U. S., 234 ; 2 Story's Eq., Secs. 1520, 1520*a*; *Vesey* v. *Williams*, 3 Story, 612; 17 N. Y. 164 ; *Dominguez* v. *Dominguez*, 7 Cal. 427.) Lapse of time—that is, stale demand—may be successfully relied on by mere volunteers, who are not bona fide purchasers. (*Thompson* v. *Blair*, 3 Murphy's R. 583 ; *Ringgold* v. *Binns*, 10 Peter's R. 269.)

Even if David Hayden died possessed of some interest, an administrator taking out letters and selling would pass nothing to the purchaser, through staleness of the claim. Why should an heir be in any better plight ? (*Ricord* v. *Williams*, 7 Wheat. R. 59.)

Absence of plaintiffs from the State does not make the claim less stale. (*Wagner* v. *Baird*, 7 Howard, U. S. 259; *Maxwell* v. *Kennedy*, 8 Howard, U. S. 220; *Smith* v. *Kinkead*, 4 J. J. Marsh, 240; *Pickens* v. *Walker's Heirs*, 3 Dana, 167.)

*B. S. Brooks*, also for Respondents.

By the Court, BELCHER, J.:

This action was commenced in April, 1868, to set aside a judgment rendered in favor of the defendant, Jane Leonora

Hayden, and against the plaintiffs, in June, 1861, and to establish the right of the plaintiffs as the heirs at law of one David Hayden to an interest in about seventy acres of land in the Western Addition to the City of San Francisco. In May, 1869, the plaintiffs filed an amended complaint, to which the defendants, of whom there are about two hundred, answered. On the 10th of January, 1871, the case, being then reached in its order on the calendar for trial, by the consent of the attorneys for the plaintiffs and defendants expressed, in open Court, was set down for trial on the tenth day of April then next. On the 11th of March, 1871, the attorney for the plaintiffs served upon the attorneys for the defendants a notice that he would move the Court for leave to amend the complaint, and with it he served a copy of the complaint as proposed to be amended, and an affidavit made by himself, setting forth, among other things, "that since the bringing of said action and the arguments of the demurrers to the defendants' answers filed therein, and from a fuller acquaintance with the facts of said case, acquired since said arguments, and in consequence of the death of a principal witness, upon whom the plaintiffs relied to prove said case in its present form, this affiant has become convinced that it is expedient and advisable for plaintiffs to amend their complaint herein in the manner and to the extent set forth and shown in the amended complaint hereto annexed." The motion to amend was thereafter heard upon the affidavit of the plaintiffs' attorney and affidavits filed by the defendants' attorneys, and denied. Afterwards, on the eighteenth of April, the case being called for trial, the defendants moved to dismiss the complaint and for judgment, on the ground: "First, that said complaint does not set up any equity, nor does it state facts sufficient to constitute a cause of action; second, that the claim of said plaintiffs therein set forth is stale, among other reasons, because it is not averred when,

where, or how the alleged discovery of the supposed fraud was made."

The Court granted the motion and dismissed the action, and the plaintiffs have appealed.

1.   The statute provides that Courts, upon affidavits showing good cause therefor, and upon such terms as may be just, may allow an amendment to any pleading or proceeding. Undoubtedly, Courts should be liberal in allowing amendments, to the end that cases may be fully and fairly presented upon their merits, and that equal and exact justice may be done between the parties.   Motions to amend are not, however, to be granted as a matter of course, but only when good cause is shown therefor.   Upon looking into the complaint, as amended, we fail to see any good cause for the changes made.   It s'ates the cause of action no more fully than it was already stated in the complaint on file.   It omits, it is true, certain admissions favorable to the defendants, but assuming those admissions to be true, and there is no suggestion to the contrary, we are unable to see why they should be stricken out on the eve of a trial, after they had stood for nearly two years, and especially when, as claimed by the defendants, new answers would thereby be made necessary, and different and increased evidence on their part be required. Nor do we perceive that the proposed complaint is less obnoxious than the one to be amended to the objection which afterwards prevailed and caused a dismissal of the action.

2.   It is alleged in the complaint that the female plaintiffs are the children and heirs at law of one David Hayden, who intermarried with the defendant Jane Leonora Hayden, in July, 1853, and died in April, 1856; that prior to his intermarriage with the defendant Jane Leonora, he purchased the land in controversy, and for certain reasons, which are stated, caused the title to be conveyed to one Dameron,

who took and held the same in trust for the said David until on or about the 28th day of April, 1854, when he conveyed the same to the said David, but used the name of the said Jane Leonora as the grantee in the deed; that the property nevertheless remained and was the separate property and estate of the said David at the time of his death, when the undivided two thirds thereof immediately passed to and became vested in the female plaintiffs as his heirs at law; that after the death of the said David the said Jane Leonora wrote to some of the plaintiffs, announcing that fact; but in her correspondence with them then and subsequently, not only concealed from them the fact that he had died the owner of an interest in the said tract of land, but falsely and fraudulently represented that he was not at the time of his death the owner of any property whatever, and that she by his death was left without any means of support; that subsequently to the death of the said David the said Jane Leonora made numerous efforts to sell the whole interest owned by him at the time of his death in the said land, but failed to do so because she was unable to make title to more than one undivided third part thereof, and that thereupon, to overcome this obstacle and with the purpose and intent to defraud these plaintiffs, she, on the 30th day of August, 1860, commenced an action in the District Court of the Twelfth Judicial District against all the plaintiffs, and in her complaint, among other things, alleged that the conveyance as made by Dameron on the 28th day of April, 1854, was in fact a deed of gift from the said Dameron to her, and that the said land then became and was her separate property, and that she was entitled to have and to hold the same as her separate property and estate, free and discharged of any claims of the defendants; and the prayer was, in substance, that her title be quieted, and that it be adjudged by the Court that the defendants (the plaintiffs here) had no title or interest in and to the said premises; that, to obtain an

order for the service of the summons issued on the said complaint, but which would not direct a copy of the complaint and summons to be deposited in the Post Office, addressed to the defendants at their then places of residence, the said Jane Leonora made an affidavit in which she, among other things, stated and swore that all of the defendants (plaintiffs here) resided in the Atlantic States, as she was informed and believed, but at what particular place she could not ascertain; whereas, in truth and in fact, she well knew where all of them were then residing, and to what place to direct a communication so that it would reach each and all of them; that upon this affidavit an order of publication was made, but it did not direct that a copy of the said complaint and summons be sent to these plaintiffs or any of them, nor was such copy ever sent to them or any of them; that afterwards she procured to be filed in the said action an affidavit, showing that the said summons had been published once a week for three weeks; that afterwards, on the 6th day of June, 1861, judgment was taken against the defendants (plaintiffs here) by default, and it was in substance adjudged that the said premises were at the time of the death of said David, and at the time of entering said judgment, the separate estate of the said Jane Leonora, and that these plaintiffs had no right, title, estate, or interest in or to any part or parcel thereof, and that they be perpetually enjoined from prosecuting any action for the recovery thereof; that the plaintiffs are advised, and therefore aver, that the said judgment appears upon the face of the judgment roll thereof to be valid, and that it consequently beclouds and injures the title of the plaintiff; whereas, in truth and in fact, no jurisdiction was acquired of the persons of the plaintiffs or any of them, and the said judgment was irregularly and fraudulently obtained by the said Jane Leonora; that the plaintiffs never resided or were in the State of California, and the fact that the said David, at the time of his death, was the owner

of an interest in the said land, the fact that such interest was his separate property, the fact that the title to two thirds or to any part thereof, by his death, descended to and vested in them, and the facts constituting the fraud of the said Jane Leonora in obtaining the said judgment, were first learned and discovered by the plaintiffs within the three years last past; that the plaintiffs are still the owners of an interest in the said land, but the defendants, other than the said Jane Leonora, hold the same adversely to them, claiming to derive title thereto under conveyances made by the said Jane Leonora, and under and by virtue of the said irregular and fraudulent judgment; that the defendants acquired, under the said Jane Leonora and the said irregular and fraudulent judgment, their supposed and pretended title, and took and secured possession of the said land, with notice of the rights of the plaintiffs, and with notice of the want of jurisdiction, irregularity, and fraud in the obtaining of the said judgment against them.

The complaint concludes with the prayer that the said judgment may be declared void and set aside, and that the plaintiffs' respective rights, shares, and interests in and to the said land may be ascertained, settled, adjudged, and declared, and that they be admitted into the possession of the same.

In the light of this summary of the complaint, it is not easy to see why it does not state facts sufficient to constitute a cause of action.   Beyond doubt it shows that David Hayden died seized of the property as his separate estate, and that an interest therein descended to the plaintiffs, who have never parted with that interest.   It also shows that the judgment against the plaintiffs was obtained by fraudulent practices, and that the defendants had notice of those fraudulent practices and of the rights of the plaintiffs when they bought.   If all this can be established by proof it seems to us that the plaintiffs should not be remediless in a Court of

equity. Nor do we think, upon the showing made, that the case is stale. The plaintiffs were not residents of this State and were not informed that David Hayden died possessed of any property until within three years prior to the commencement of this action. They may even have been misled in regard to his estate by the false representations of the defendant, Jane Leonora, that he left no property whatever. As against the defendants who bought with full notice, we see no such want of diligence as would induce a Court of equity to refuse all aid to the plaintiffs.

3. Our attention has been called to a stipulation signed by the attorneys of the plaintiffs and defendants, dated January 9th, 1871, and filed in the Court below January 11th, 1871, by which it is, among other things, "stipulated and agreed that the defendants, and each of them who obtained deeds for any portion of said land, or any interest therein, after the entry of the decree in the action of *Jane L. Hayden* v. *Thomas Hayden and others,* being number seven thousand nine hundred and sixty-eight in this Court, paid the purchase money mentioned in their respective deeds thereof at the time of obtaining such deeds, and that each and every one of them made such respective payments and secured such deeds of the lands mentioned in their respective answers, bona fide and without notice of any of the alleged acts of fraud or irregularities charged in the complaint herein, unless the judgment roll and papers on file in the said action of *Jane L. Hayden* v. *Thomas Hayden and others,* were constructive notice of such alleged acts of fraud, or of such defects, or irregularities, or of some of them."

It does not appear from the record that this stipulation was called to the attention of the Court below when the action was dismissed; nor is it made part of the record on this appeal. We cannot, therefore, regard it in the decision, though, being among the files in the case, it seems not im-

probable that it may, in fact, have been considered by the Court below and have been the ground of its decision.

If we were at liberty to consider the stipulation in connection with the complaint we should doubtless be satisfied that, as against the defendants, who are parties to it, the plaintiffs have no cause of action. It is alleged in the complaint that the judgment does not appear upon the face of the judgment roll to be invalid, and that being so, all who purchased after it was entered, in good faith, and for a valuable consideration, would be protected by it.

Judgment reversed, and cause remanded for a new trial.

Mr. Chief Justice WALLACE did not express an opinion.