[No. 6,741.—In Bank.]
April 5, 1882.

## NICHOLAS HAYES *v.* C. H. WETHERBEE ET AL.

CONSTRUCTION OF DEED—DESCRIPTION OF LAND.—P. the owner of an undivided tenth part of a tract of land executed to S. a deed containing the following description of the property conveyed: "All of the grantor's right, title and interest in the following described property, viz: One half interest in that right, title and interest of the party of the first part in and to an undivided one tenth part of that certain tract or parcel of land," etc. S. executed a deed to T. containing the following description: "All his right, title, interest, etc., in the following property, to wit: One half interest in that right, title and interest of the party of the first part in and to an undivided one tenth part of that certain tract or parcel of land," etc.

*Held:* The latter deed conveyed an undivided one half only of the interest of S.—that is to say an undivided one fortieth of the land.

ID.—ID.—It is a principle in the construction of releases, and the reason of the rule extends to grants and conveyances of land, that a release in general words shall be restrained to the particular occasion; and that where there are general words alone in a deed of release, they shall be taken most strongly against the releasor; but when there is a particular recital in a deed, and then general words follow, the general words shall be qualified by the particular recital.

FINDINGS—ADDITIONAL FINDINGS—JURISDICTION.—The Court filed its findings July 12, 1877, and on the thirty-first of July, 1877 (prior to the entry of judgment) filed additional findings reciting that having through inadvertence failed to find upon all the issues herein—it now of its own motion made and filed the additional findings. *Held:* The additional findings were not improperly filed.

ID.—ID.—ID.—CASE DISTINGUISHED.—*Baggs* v. *Smith*, 53 Cal. 88, distinguished.

APPEAL from an order denying defendant's motion for a new trial in the Third District Court of the City and County of San Francisco. McKEE, J.

*Wallace & Hastings* and *W. W. Cope,* for Appellants.

This construction violates the rule of interpretation that in effect should, if possible, be given to every part of an instrument. (C. C. §§ 1638–1641; 2 Parsons on Cont. marginal page 505; Brooms' Legal Maxims, 414; *Jackson* v. *Stevens,* 16 Johnson, 110).

The Court erred in filing additional findings after the filing of the original finding, and after the entry of judgment thereon. (*Prince* v. *Lynch,* 38 Cal. 528; *Baggs* v. *Smith,* 53 id. 90; *Ogburn* v. *Connor,* 46 id. 354.)

*William N. Pierson,* for Respondent.

The plaintiff is clearly the owner of one twentieth. The deed from Siebeck to Ten Broeck conveys "one half interest * * * in and to an undivided one tenth part of " the lot in question. By no verbal torture can this mean one fortieth. The description of the interest conveyed is a literal copy of the description in the deed from Precht to Siebeck.

It was not error for the Court to make additional finding. (*Hathaway* v. *Ryan,* 35 Cal. 190; *Bosquett* v. *Crane,* 51 id. 506; *Ogburn* v. *Conner,* 46 id. 346.)

SHARPSTEIN, J.:

Plaintiff brought an action of ejectment in one of the late District Courts to recover an undivided interest in certain lots situate in the city and county of San Francisco. On the trial of the case, a deed from James A. McDougall to Charles Precht was introduced in evidence, which deed conveyed an undivided interest of one tenth in the land, and plaintiff also introduced a deed from Charles Precht to one Gustavus Seibeck, containing the following description of the property conveyed: "All of the grantor's right, title and interest in the following described property, viz.: One half interest in that right, title and interest of the party of the first part in and to an undivided one tenth part of that certain tract of parcel of ground," etc. Plaintiff further introduced in evi-

dence a deed from Gustavus Seibeck to one G. W. Ten Broeck, which contained the following description of the property conveyed all his right, title, interest, etc., in and to the following premises, to wit:   One half interest· in that right, title and interest of the party of the first part, in and to an undivided one tenth part of that certain tract or parcel of ground, etc. The judgment of the Court below was in favor of the plaintiff, for an undivided one twentieth of the land in controversy, and it is claimed, on behalf of the appellant, that the foregoing description vested in Ten Broeck an undivided interest to the extent of one fortieth only.

The deed from McDougall to Precht passed the title to one tenth of the property, and the deed from Precht to Seibeck conveyed an undivided half of that tenth interest, thus vesting in him an interest of *one twentieth*.   And the deed from Seibeck to Ten Broeck was for a one half interest in the right, title and interest of the party of the first part "in and to an undivided one tenth part of that certain tract or parcel of land."

In the case of *Jackson* v. *Stevens*, 16 Johns. 109, a deed somewhat similar in its language was construed by the Supreme Court of New York.   The syllabus of the case is that "where a person seised of three undivided fourth parts of a farm, conveys an equal moiety of the farm, describing it by metes and bounds, *together with all the estate, right, title, etc., which he, the grantor, hath to the above described premises;* these general words are not to be construed as extending the grant beyond the moiety of the premises;" and the learned Judge (Spencer), in delivering the opinion of the Court, says: "Upon a fair construction of this deed, it conveys only a moiety of the farm.   The deed at first grants one equal undivided half part of the farm, and also all the estate, right, title, etc., 'which he, the said Ebenezer Stevens, hath to the above-described premises, either in law or equity, from the last will and testament of Samuel Stevens, of, etc., deceased.' Now, the described premises were one half of the farm.   It is true, the boundaries of the whole farm are mentioned; but the entire farm is not the premises described in the granting part.   The one equal undivided half of the farm is there described.   It is a principle in the construction of releases, and

the reason of the rule extends to grants and conveyances of lands, that a release in general words shall be restrained to the particular occasion; and that where there are general words alone in a deed of release, they shall be taken most strongly against the releasor; but when there is a particular recital in a deed, and then general words follow, the general words shall be qualified by the particular recital. Technically speaking, the deed contains no recital; but the special object of the deed was to convey one half of the farm, and the general words are thrown in to show how the right of the grantor was derived. It would be doing violence to the deed, and, to the intention of the the parties, to say that it was meant to convey the whole farm."

It is not the entire interest of the grantor Seibeck in the one undivided tenth, which was one twentieth, that was intended to be conveyed, according to the language of this deed; but it is the half interest in "that right, title and interest of the party of the first part" that is described in the granting part of the deed. In order to hold that the deed from Siebeck passed his entire interest in the land we would have to reject the words "one half interest of the party of the first part" and interpolate the words "all my right, title and interest" or words of equivalent meaning. This we cannot do. The language is somewhat obscure, but a fair construction of it leads us to the conclusion that Ten Broeck succeeded to only half of the interest of Siebeck in the land in controversy.

The other point made on this appeal, that the Court had no power to file additional findings, is not well taken. It is true that it was held in the case of *Baggs* v. *Smith,* 53 Cal. 88, that the Court had no authority to make the further findings; but in that case the additional findings were filed after the case had been appealed to the Supreme Court. The following cases are, however, authority for holding that the further findings in the case were not improperly filed: (*Pratalongo* v. *Larco,* 47 Cal. 378; *Ogburn* v. *Connor,* 46 id. 346; *Bosquett* v. *Crane,* 51 id. 505.)

Order reversed.

ROSS, MCKINSTRY, and MYRICK, JJ., concurred.