COOPER v. McKEEN.

1. Upon appeal to the district court from the county court, the appellant having answered and gone to trial without calling the attention of the district court to his motion made in the county court to set aside a default for want of service of summons, must be held to have waived his motion.

2. Permission given to plaintiff to amend his complaint by alleging a date when the claim sued upon became due, *held* to be a matter within the discretion of the court and in harmony with the spirit of the code.

*Error to District Court of Jefferson County.*

JAMES M. McKEEN filed a complaint in the county court of Jefferson county against Isaac Cooper, alleging a sale and conveyance to defendant of an undivided one-fourth in certain mining claims in Columbia mining district, Pitkin county, Colorado, to wit, the Central, Great Western, Chrisocalla, Champion, Tunnel, Jennette and Cinnamon; that defendant promised to pay for the same $1,800, and convey back an undivided one-tenth of the Central claim; that he conveyed said one-tenth interest June 12, 1883, but has not paid the said $1,800, except $500, June 3, 1882. Plaintiff demands judgment for $1,300 and interest. From an order of the county court overruling a motion to set aside a judgment by default, on the ground of want of jurisdiction, in that no service of summons was had upon the defendant, defendant ap-

pealed to the district court. On the hearing of a motion in the district court, by plaintiff, to dismiss defendant's appeal, defendant's attorney appearing specially to resist said motion, defendant was given time to perfect his appeal and answer to the complaint; whereupon he filed his answer to the merits, admitting the conveyance, but alleging that the purpose was to consolidate titles to said claims with a view to forming a stock company, the defendant to have full control of the property for that purpose; that plaintiff was to receive his due proportion of the proceeds of the sale of stock of said company, which was afterwards agreed should not exceed $1,500; that the $500 was paid under said agreement, and that the balance was not due,— and upon trial plaintiff recovered judgment and verdict for $1,576.75. Defendant did not raise the question of jurisdiction in the district court. Defendant brings error from a judgment of the district court overruling a motion for a new trial, and assigns error as follows:

(1) The court erred in assuming, without authority of law, the jurisdiction of the person of the defendant, and in compelling him to answer and go to trial. (2) The court erred in ordering defendant to answer said complaint while a motion and plea to the jurisdiction of the court was pending and undisposed of. (3) The court erred in allowing the plaintiff during the trial to amend his complaint without terms and to proceed to the trial without refiling his complaint. (4) The verdict and judgment were contrary to the evidence and the weight of evidence. (5) The verdict and judgment should have been for the defendant. (6) The verdict and judgment were excessive and not warranted by the testimony nor the weight thereof. (7) The district court erred in admitting improper evidence at the trial for the plaintiff and in rejecting proper evidence for the defendant. (8) The court below erred in other matters and things apparent on the face of the record.

Mr. H. P. BENNETT, for plaintiff in error.

Mr. A. H. DE FRANCE, for defendant in error.

ELBERT, J. 1. In the matter of appeals from the county court to the district court, section 500, General Statutes, provides that the " appellate court shall consider and pass upon all objections to the pleadings and proceedings in the said cause which may have been made in the county court. * * * " It does not appear in the case before us that the appellant had in any way called the attention of the district court, to which he had appealed, to his motion made in the county court, asking that the judgment by default be set aside on the ground that there was no service of summons. Having answered and gone to trial without calling the attention of the court to his motion made in the court below, he must be held to have waived it.

2. The permission given the plaintiff to amend his complaint by alleging a date when the claim sued upon became due was a matter entirely within the discretion of the court and in harmony with the spirit of the Code.

We have examined the exceptions taken to the admission of evidence so far as our attention has been called to them in the argument of counsel, and we find nothing to justify a reversal of the judgment. We think the testimony excepted to was clearly in rebuttal. The record before us presents a case of conflict of testimony, upon which the jury has passed. We have examined the evidence carefully, and instead of its being insufficient to sustain the verdict, we are inclined to the opinion that the verdict is in accordance with the right of the case. The judgment of the court below is accordingly affirmed.

*Affirmed.*