Richmond, P. J.,
delivered the opinion of the court.
Defendant in error, William A. Hamill, instituted this action against the plaintiff in error, The Tribune Publishing Company, upon a promissory note executed on the 21st day of April, 1883, for the sum of $2,500 with interest at one per cent per month from date until paid. The note sued upon was signed by F. J. Y. Skiff as treasurer of The Tribune Publishing Companju
It appears from the record as well as from the argument of counsel that the complaint failed to allege the date when the note was payable, and that upon the trial plaintiff sought to introduce a note executed on the 21st day of April and payable six months after date. To the introduction of the note objections were interposed on the ground that the note sued upon was a demand note, and that the note introduced in evidence was a note due six months after date. Thereupon plaintiff asked leave to amend the complaint and to insert the words “ six months after date.” To this amendment a most vigorous protest was interposed, but the application to amend was allowed, and defendant* asked leave to amend the answer, attorneys insisting that they had entered upon the trial for the purpose of defending a note executed on the 21st day of April for the sum mentioned, on demand. The record also discloses the fact to be that the trial judge said he would allow time to amend the answer, providing the counsel, without formal application by motion, affidavit or otherwise, would state that they had been prejudiced by the amendment and required time to prepare an additional or a different defense. To which counsel for defendant made no satisfactory response, and practically admitted that they knew of the existence of the identical note introduced in evidence and which it was the purpose of the plaintiff to declare upon.
The contest apparently between the parties was whether or not a recovery could be had under the allegations of the *239 complaint upon a note fully matured, overdue and unpaid, although it was a note due six months after date, yet not so disclosed in the complaint.
Many errors are assigned but none are seriously pressed upon our attention save and except the error of the court in allowing the amendment to the complaint, and under the circumstances, refusing defendant leave to amend the answer.
Plaintiff introduced evidence to show that the note was duly issued in keeping with the custom of the defendant company, and that it was signed by an officer of the company who had been in the habit of issuing its notes and paying the same. The legitimacy of the note and the authority to issue the same is not seriously questioned although raised. The record does not disclose any direct application on the part of the defendant either orally, by affidavit or motion, claiming that the amendment to the complaint seriously prejudiced the company, or in any way prevented the company from interposing a proper defense.
It is admitted that the company knew that a note for the amount mentioned, and of the date, was outstanding. That the attorneys for the company had quietly rested, believing that they could successfully defend against the note as declared upon, although they knew that the omission' of the words, six months after date, was a mistake on the part of the counsel preparing the complaint.
It is usually true that courts are more liberal towards defendants in regard to the time when amendments should be allowed, and for the reason that the plaintiff may suffer a nonsuit and bring a new suit, while the defendant would forever lose the benefit of his defense. This rule was applicable at the common law as well as under the present code practice. But the right of amendment was never an absolute one. It was limited by considerations affecting the rights of the plaintiff, and the due administration of law. The application of the rule was not allowed for purposes of delay, nor unless made in good faith and in furtherance of justice. The defendant however, in applying for leave to amend, *240 must give some reason for his omission, must disclose the amendment he would make, and must show perfect good faith in his application. If, having full knowledge of his defense, he neglects to plead it, or having pleaded withdraws it, especially when he reaps some benefit from the omission or withdrawal, he will not.be permitted to re-plead it nor will he be permitted upon the trial to amend by denying a faet admitted in the answer. Bliss on Code Pleading, § 430; Harrison v. Hastings et al., 28 Mo. 346.
The failure of defendant’s counsel to respond to the interrogatory of the court to the effect that they had a legitimate defense to the note introduced in evidence, and that the permission to amend by the insertion of the words, six months after date, was prejudicial to such a defense as they expected to prepare, and that they did not appear for the purpose of defending the identical note declared upon, although by mistake certain words as to the date of payment were omitted, brings them within the rule above recited, and justified the court in refusing to continue the cause for the purpose of allowing them to amend their answer.
This brings us then to the consideration of the only remaining question: Was the court warranted by the Code in allowing the amendment?
The action was instituted upon a note executed on the 21st day of April, 1883. The company knew that such a note was outstanding and for the sum mentioned; and at the time of the institution of the suit knew that this was the note which they were called upon to defend. The addition of the words, six months after date, in no way changed the character of the action. The note was overdue and unpaid, and at the time of the institution of the suit was a note that should have been paid upon demand. Consequently we feel justified in saying that there was no such change in the character of the action that would authorize a reversal of the judgment.
Courts will be liberal in allowing amendments when the cause of action is not changed, to the end that cases may be *241 fully and fairly presented on their merits. Hayden v. Hayden., 46 Cal. 332; Bliss on Code Pleading, § 439.
Section 78 of the Code provides that the court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect. If upon the trial of an action before the court or jury, the evidence shall vary from the allegations of the pleadings, and either party is surprised thereby, he shall be allowed, on motion, and showing cause therefor, and on such terms as the court may prescribe, to amend his pleadings to conform to the proofs. Session Laws, 1887, page 117.
This section, without considering other sections relating to amendments- of pleadings, was amply sufficient to justify the court in allowing the amendment asked by the plaintiff, and in this connection it will be borne in mind that the defendant introduced no evidence in support of any one of the four defenses set up against the note declared upon in the complaint.
In Seymour v. Fisher, 16 Colo. 188, it was held that, The amendment of pleadings during the progress of a trial is, in the exercise of a reasonable discretion, liberally allowed. Such amendments are sometimes permitted after verdict.
In the case of California Ins. Co. v. Gracey, 15 Colo. 70, it was held that where a complaint is defective in failing to allege a waiver of a condition in a policy that the loss should not be payable until sixty days after proof thereof, an amendment curing that defect does not state a new cause of action.
This was an action upon an insurance policy which provided that the company should have sixty days after proof of loss to adjust their liabilities and settle with the insured. The amended complaint was defective because it showed suit begun within less than sixty days after proof of loss but did hot aver matters constituting a waiver of the sixty day provision of the contract. The second amended complaint cured that defect. The court held that this was not plead *242 ing a new cause of action as contended for, it was perfecting the statement of the original cause of action by the addition of essential averments.
This doctrine of amendments as applied in this last cited case is directly applicable to the action at bar.
In the case of Cooper v. McKeen, 11 Colo. 41, it was held that the permission given to plaintiff to amend his complaint by alleging a date when the claim sued upon became due, was a matter entirely within the discretion of the court and in harmony with the spirit of the Code. Horn v. Raitler, 15 Colo. 316.
We deem it needless to cite further authorities in support of our conclusion. We are clearly of the opinion that the amendment was within the discretion of the court, and that the defendant company, if it desired to amend its answer or set up a different defense from that embraced in the four defenses interposed, should have brought itself within the rule above recited by showing that it had a meritorious defense to the note, and that by the amendment it had been prejudiced, and therefore entitled to time to prepare other and different defenses.
The judgment of the court below must be affirmed.

Affirmed.