Wilson, J.,
delivered the opinion of the court.
This was an action brought by the hotel company named as payee in a draft to recover from the drawee. The complaint, after alleging that plaintiff was a corporation, and the partnership of defendants, set forth:
“ That said defendants, at all times mentioned in the complaint had hi their employ, as their duly authorized agent, one J. R. Murdock, who was authorized to travel and sell goods for said defendants, and among other things, was authorized to draw bills of exchange upon said defendants, which the said defendants agreed to pay:
“That on June 17, 1895, at Denver, said Murdock, by his bill of exchange, required defendants to pay to the order of plaintiff, on demand, the sum of two hundred dollars ($200), copy of which bill of exchange is as follows:
“‘$200. Denver, June 17th, 1895.
‘ On demand, pay to the order of The Brown Hotel Com *531 pany, Two Hundred Dollars. Yalue received, and charge same to account of
“ ‘ J. B,. Mxjbdook.
“ ‘ To Geobge T. Gambbill & Co.,
“ ‘ 37 S. Gray St., Baltimore, Md.’
“ That on June 24,1895, said bill of exchange was presented to said defendants, at their place of business in Baltimore, but that the same was not paid, nor any part thereof; that the said bill of exchange was on the same day protested for nonpayment, and that plaintiff paid protest fees to the sum of two and twenty-seven one-hundredth dollars ($2.27).
“Wherefore plaintiff demands judgment from defendants for the sum of two hundred dollars, and the further sum of two dollars and twenty-seven cents, and for costs.”
Defendants answered, denying that Murdock was ever authorized to draw bills of exchange on them, and that defendants ever agreed to pay such bills of exchange; also denying that Murdock was ever in the employ of defendants at a regular stated salary or compensation, but alleging that he received from them a certain commission on sales made by him of defendants’ merchandise; that defendants were in no wise responsible or answerable for expenses of any kind incurred by Murdock, and especially denying that they ever agreed with Murdock or with the plaintiff or with any one else to pay any drafts drawn by him. The answer admitted the making of the draft as set forth in the complaint, and that the same was protested for nonpayment, but denied that the defendants were in any manner indebted to Murdock at said time in any amount. Trial was had to the court, and its findings were in favor of plaintiff. On the same day of the hearing of a motion for a new trial, and after an argument therefor, but before any entry of judgment, plaintiff was allowed to amend its complaint instanter by interlineation by the insertion of the following words: “ That plaintiff paid said draft for two hundred dollars to said Murdock, relying upon the authority of said Murdock to draw the same,” im *532 mediately preceding the fifth paragraph of the complaint. Judgment was entered in favor of plaintiff, and defendants appeal.
It is urged on behalf of defendants that the complaint did not state facts sufficient to constitute a cause of action, and that the allowance of the amendment was error because it stated a new cause of action. It is insisted that the complaint should have alleged that the defendants agreed to accept the draft, or that they did accept it. Acceptance is merely an agreement to pay, and having alleged this in their complaint, we do not see how the contention of the defendants can be sustained. If they had agreed to pay, whether at the time of the drawing of the draft or prior thereto, no other acceptance, nor even presentation for it, was necessary. It is true, too, as said by counsel, that if there was a breach of the agreement to accept, it would be necessary for plaintiff to allege some damage, and the amount of it. But that is not this case. Here an express promise of payment was alleged. This was equivalent to an acceptance, and the damages in such case need not be alleged. Their measure is the amount expressed in the draft, and protest fees if there be any.
Under this pleading, it was permissible for plaintiff to recover if it could show that Murdock acted as an authorized agent of defendants in drawing the draft, or that defendants promised to pay it. In either case, the measure of the damages for which plaintiff could recover would have been the same. It was not necessary to be alleged in the complaint that the hotel company had advanced any money to Murdock on the draft, nor that it was the holder of the same for value. Possession of the paper was prima faoie evidence of the latter, and the draft itself being negotiable commercial paper, imported a consideration.
Kandolph, Com. Paper, § 562, lays down the settled rule as follows: “ Unlike other contracts, the law presumes a consideration in case of commercial paper, and this presumption applies equally to all negotiable bills of exchange, notes, checks, and other instruments. It is therefore unnecessary *533 either to aver or prove a consideration in the first instance for such an instrument.”
As to the authority of Murdock to draw the draft, and the promise of defendants to pay, these were matters of fact provable in like manner as other facts. It was not necessary that there should be direct and positive proof of express authority, but it might be established by circumstances. An agency may arise by implication from acts done by the agent with the consent or acquiescence of the principal; likewise the scope of his authority may be so determined and defined. They may be proven by the transactions that have taken place between the principal and agent. Evidence of a course of dealing by the agent sanctioned by his principal is one of the generally recognized modes of showing the extent of the agency. Heinz et al. v. The American Natl. Bank of Denver, 9 Colo. App. 31; Sharp v. Knox, 48 Mo. App. 169. In these respects there was sufficient evidence to sustain the findings of the court, and they will not be disturbed.
In reference to the amendment, even conceding that it was necessary to justify a recovery by plaintiff and sustain the judgment in its behalf, which may be doubted, it cannot be said, in our opinion, as claimed by defendants, that it stated a new cause of action. The character of the action having been held to be such as before stated in this opinion, it could not be said to have accomplished any other purpose or effect than perfecting the statement of the original cause of action by the addition of an essential averment. This is not pleading a new cause of action. Ins. Co. v. Gracey, 15 Colo. 70; Tribune Pub. Co. v. Hamill, 2 Colo. App. 237; Cooper v. McKeen, 11 Colo. 41. The issue in the case was whether Murdock had authority from defendants, and whether there was an express agreement by defendants to pay, or such acts and conduct of defendants as to establish such an agreement by implication and inference. The amendment could only have been material, if at all, as a basis for the admission of evidence to the effect that defendants ’ acts and conduct had been such as to establish the agency or promise *534 to pay by implication. Proof of this being admissible under the allegations of the complaint as it originally stood, the amendment could be held to be only an additional averment to something already alleged. By the express provisions of the code, and under the general practice of our courts, amendments during the course of a trial should be liberally allowed for the furtherance of justice. Sometimes such amendments are allowed even after verdict. Seymour v. Fisher, 16 Colo. 199. It rests largely within the discretion of the trial court, and it has been repeatedly held by this court and by the supreme court that only an abuse of such discretion will be reviewed. To justify a reversal on this ground, there must appear to have been a plain and arbitrary abuse of discretion. Dyer v. McPhee, 6 Colo. 174; Brown v. Nachtrieb, 6 Colo. 517. In this ease it is nowhere suggested, and it does not appear from the pleadings or the evidence or the character of the controversy, that defendants were surprised in the slightest degree, or prejudiced by the allowance of the amendment. There was sufficient evidence to support the findings and the judgment, and no substantial error appearing, the judgment will be affirmed.

Affirmed.