[Civ. No. 596. Third Appellate District.—May 6, 1909.]

## H. P. SMITH COMPANY, a Corporation, Appellant, v. MARTHA A. SUTTICH, Respondent.

NEGLIGENCE—LOSS OF HAY IN WAREHOUSE OVER WATERS OF BAY—CONTRIBUTORY NEGLIGENCE—SUPPORT OF VERDICT FOR DEFENDANT.—In an action for the loss of hay in defendant's warehouse extending over the waters of San Francisco bay, through the alleged negligence of the defendant in allowing the supports thereof to decay and be out of repair, in which issue was joined upon the alleged negligence and it was pleaded and proved that plaintiff's contributory negligence in overcrowding the warehouse, in violation of agreement, with two hundred and eleven tons of hay in excess of the quantity agreed upon, and in leaving open the doors of the warehouse so as to permit the high winds to enter and lift the roof from its supports, was the proximate cause of the injury, the jury were warranted in finding for the defendant.

ID.—PLEADING—AMENDMENT TO CONFORM TO EVIDENCE—ABSENCE OF SUPPORT IN EVIDENCE—DISCRETION NOT ABUSED.—It was not an abuse of discretion to refuse to allow a proposed amendment to conform to evidence, when there was no evidence to support it, and no good cause appeared therefor.

ID.—DAMAGES ALLOWED TO DEFENDANT.—The jury were justified in concluding that the damages to the warehouse through plaintiff's fault, which was proved to have been worth $8,000, and upon which plaintiff had expended $600 in repairs, notwithstanding nearly all the lumber and timbers there were saved, consisting of the difference between such a building standing and in good repair, and the material, was at least the sum of $230.50, awarded by the jury to the defendants.

ID.—DEFENDANT'S RIGHT TO STORAGE—PLAINTIFF NOT INJURED BY VERDICT.—The loss of the building having been caused by plaintiff's negligence, defendant was at least entitled to the storage, which was more than the amount recovered by defendant, and plaintiff cannot complain because the verdict is too small.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

W. H. Barrows, for Appellant.

W. M. Gibson, for Respondent.

BURNETT, J.—Defendant was the owner of a warehouse built out over the water of the bay of San Francisco. Plaintiff, under agreement with defendant, had certain hay stored in said warehouse and on December 10, 1906, during a storm, the warehouse was demolished and the hay fell into the water. The plaintiff alleged that the accident was caused by defendant's negligence in allowing the piling and supports of the warehouse to become decayed and out of repair and in failing to provide proper protection from the wash of drift against it, and it prayed for damages in the sum of $3,500.

Defendant denied that the warehouse was unsafe or unfit in any respect for the storage of the hay. By way of cross-complaint it was alleged that the agreement between the parties was that only two hundred and fifty tons should be stored in said warehouse, but in violation of said agreement plaintiff put therein four hundred and sixty-one tons of hay, and that this over-crowding, in connection with the act of the plaintiff in leaving open the large doors of the warehouse, thereby permitting the high winds prevailing to enter and lift the roof from its supports, was the proximate cause of the accident. Defendant sought to recover $6,000 for the destruction of the warehouse and $250 for the storage agreed to be paid. The jury found for defendant in the sum of $230.50.

1. At the close of the trial plaintiff asked leave to amend the complaint by adding an allegation charging improper construction of the warehouse and negligence in not securely fastening the roof to the walls of the building. The purpose of this, as claimed by plaintiff, was to make the complaint conform to the evidence. The motion was denied.

The power of the court to allow amendments that causes may be tried and determined upon their merits should undoubtedly be liberally exercised. (*Farmers' Bank* v. *Stover*, 60 Cal. 396; *Marr* v. *Rhodes*, 131 Cal. 267, [63 Pac. 364].) But there was no evidence in support of the proposed amendment and hence it would have been idle for the court to allow it. Unless good cause be shown for an amendment it certainly cannot be an abuse of discretion to disallow it. (*Hayden* v. *Hayden*, 46 Cal. 332.)

2. There is some substantial evidence from which the jury had a right to infer that plaintiff's employees carelessly left the door open and that this circumstance contributed to the

accident. Again, there was testimony that the warehouse was crowded beyond its capacity in violation of the warning and instruction of defendant. No one can say that in the absence of this condition the warehouse would have been destroyed. Upon either theory there is sufficient warrant for a finding against plaintiff.

3. It is claimed by appellant that there is no evidence that defendant was damaged in the sum of $230.50 by the loss of the warehouse. It is true that defendant testified that "nearly all of the lumber and timbers from which the warehouse was built were saved," and there is no direct testimony as to the value of the salvage. However, it is shown that the warehouse was worth $8,000 and within a short time plaintiff had expended $600 in repairs. We agree with respondent that the jury had a right to conclude that such a building standing and in good repair was worth at least $230.50 more than the material that went into its construction.

But since there was evidence that the destruction of the building was caused by the negligence of plaintiff, defendant was at least entitled to the storage which was more than the amount recovered and plaintiff cannot complain because the verdict is too small.

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.