SMITH & KINZER, Plaintiffs in Error, *vs.* DEAN, Defendant in Error.

1. Under the new practice, a party suing upon a bond must state his title in his petition. It is not sufficient to aver that he is the legal holder.
2. The statute of limitations cannot be taken advantage of by demurrer.

*Error to St. Louis Circuit Court.*

*Knox & Kellogg,* for plaintiffs in error. 1. It was not necessary to state in the petition how the bond sued on was assigned. The statement that the plaintiffs were the legal hold-ers of the bond, as trustees of Crupper, for the benefit of his creditors, is a sufficient averment of title in said plaintiffs. 2. By the first and second sections of the third article of the act entitled "an act to reform the pleadings and practice in courts of justice," the plaintiffs had a right to sue in their own names, whether the bond had been assigned to them by any instrument of writing or not, if they were the real parties in interest. 3. The defendant cannot avail himself of the stat-ute of limitations, by way of demurrer, nor are the plaintiffs required to state any facts in their petition that might prevent the statute of limitations from barring their demand. The statute of limitations, under the old system of pleading, must have been pleaded, and can now only be set up by way of answer. Chitty on Pleadings, 515, 520. 3 J. J. Marsh. 363. *Smart* v. *Bingh,* 373. *Smart* v. *Jackson,* 2 Wend. 294. *Jackson* v. *Varick,* 4 Har. & J. 539. *Maddox* v. *Stile.*

*Rankin* and *Krum,* for defendant in error. The demurrer of the defendant below to the plaintiff's petition was properly sustained by the court. The plaintiffs did not show upon the face of their petition a cause of action against the defendant. No assignment or transfer in writing of the bond sued on, to the plaintiffs, is stated in the petition. 8 Mo. Rep. 355.

GAMBLE, Judge, delivered the opinion of the court.

The plaintiffs claim to recover on a bond made by the defendant, Dean, payable to one Crupper. They allege that they are the legal holders of the bond, as trustees of Crupper, for the benefit of his creditors. The bond was payable on the 2d of September, 1840. There is no allegation that the bond was assigned to the plaintiffs. The petition was demurred to and the demurrer was sustained. Two questions are presented on the demurrer : 1. Whether the title of the plaintiffs to the bond is sufficiently stated in the petition. 2. Whether the petition does not show that the action on the bond is barred by the statute of limitations.

1. We will not say how far the act requiring the assignment of bonds and notes to be by indorsement thereon, in order to enable the assignee to sue in his own name, is affected by the code of practice, which abolishes the distinction between law and equity, and requires all suits to be commenced and prosecuted in the name of the real party in interest. But if an assignee, or the person beneficially interested in a bond may sue thereon, without stating an indorsement, he must still state his title in his petition. To state that he is the legal holder, is to state a conclusion of law from facts that are traversable. He must state facts that give him the title to the bond, when, upon its own face, the title appears to be in another. The obligation of the defendant was, to pay money to Crupper. By what facts did he become bound to pay it to plaintiffs ? The petition fails to state the facts. The petition says the plaintiffs are the legal holders, as trustees of Crupper, for the benefit of his creditors. This is no statement of any act done by Crupper transferring the bond. The plaintiffs may be constituted such trustees by the act of Crupper, or if the transaction occurred in another state, they may be trustees of an insolvent debtor, appointed by law. The petition is, in this respect, defective.

2. The ground of demurrer, that the petition shows the action to be barred by the statute of limitations, is not available. The petition states a cause of action upon which a recovery may be had, and judgment upon such petition would not be disturbed because of the insufficient statement of the cause of action. Time is not, under the act of limitations, a bar to the action under all circumstances, and we will not require a plaintiff, in his original petition, to state the facts by which the action is to be maintained, notwithstanding the lapse of time since the cause of action accrued. It is better to allow the petition to contain only a statement of the original cause of action, until the defendant, in his answer, shows his intention to avail himself of the defence under the act.

The judgment is, with the concurrence of the other judges, affirmed.