White agt. Brown.

---

# SUPREME COURT.

### ROBERT WHITE agt. THOMAS BROWN.

Where a defendant interposes a *demurrer* to a complaint upon a promissory note, in the language of the Code, " that the complaint does not state facts sufficient to constitute a cause of action," it puts in issue the validity of the whole complaint; so that if the complaint is deficient by the non-statement of any fact necessary for the plaintiff to prove to make out his action, the demurrer must be sustained.

Where a complaint upon a promissory note alleged that the defendant, on the 22d April, 1856, at, &c., made his promissory note in writing, dated that day, whereby he promised to pay to William Rork, or order, $132.50, six months after date, for value received, with use, and then and there delivered the same to the said William Rork—giving a copy of the note, purporting to be signed by Thomas Brown; and a statement that the plaintiff was then the *bona fide* owner and holder of the said note, and that the defendant had not paid the same, or any part thereof, but was justly indebted to the plaintiff therefor.

*Held*, that the complaint did not show that the plaintiff had any interest in the note, or right to maintain an action upon it. By the complaint, it appeared that William Rork was still the owner of the note, and the person to whom it should be paid, and the only person who had a right to direct to whom it should be paid—and that only by his *indorsement*.

Although it has been held, under the Code, that the assignee of a chose in action,—for instance, a promissory note payable to order, and not indorsed, may maintain an action on it in his own name, it has not yet been held, that the statement of *facts* necessary to constitute a cause of action in favor of an assignee of a chose in action, such as those by which the chose in action was transferred to him, may be dispensed with in the complaint.

The plaintiff says that he is now the *bona fide* owner and holder of the note;—this is his conclusion of law; but who is to try whether he is the *bona fide* owner and holder of the note? All questions of fact must be triable by a jury; but the question whether the plaintiff is a *bona fide* owner and holder, is a question of law.

*Chautauque Special Term, Feb,* 1857.

DEMURRER to complaint.

This was an action on a promissory note. There was a demurrer to the complaint. The complaint stated that the defendant, on the 22d day of April, 1856, made his promissory note, dated that day, whereby, for value received, he promised

to pay William Rork, or order, one hundred and thirty-two dollars and fifty cents, six months after date, with use. And further, that the plaintiff was then the *bona fide* owner and holder of the said note, and that the defendant had not paid the same, or any part thereof, but was justly indebted to the plaintiff therefor. Wherefore he demands judgment, &c.

The defendant demurred to the said complaint, and alleged the following grounds of demurrer :—

1st. The complaint did not state facts sufficient to constitute a cause of action.

2d. The complaint did not show that the plaintiff was the owner of the note or demand described in the complaint.

3d. The complaint did not state facts showing that the plaintiff had any title to the said note.

4th It did not appear, from the complaint, that William Rork, named therein, ever indorsed said note to the plaintiff, or transferred his title to said note to the plaintiff, or to any other person in any way.

5th. The complaint did not show that the said Rork ever parted with his interest or title in the said note.

6th. The manner of the plaintiff's acquiring title to the said note and demand, set forth in the complaint, (if any such title of the plaintiff appears therein, which defendant denies,) was not sufficiently set forth in the complaint.

7th. The complaint did not state facts showing that the plaintiff was the holder and owner of the note described in the complaint.

The demurrer was argued at Chautauque special term February 26, 1857.

D. SHERMAN, *for defendant.*
E. S. SPENCER, *for plaintiff.*

MULLETT, Justice. The defendant in this case alleges or assigns seven grounds, or causes of demurrer, the first of which is, " *That the complaint does not state facts sufficient to constitute a cause of action.*" The decision of the first cause of demurrer

will embrace the whole case; for this cause of demurrer puts in issue the validity of the whole complaint, so that if the complaint is deficient by the non-statement of any fact necessary for the plaintiff to prove, to make out his action, the demurrer must be sustained. (4 *How. Pr. R.* 229; 7 *id.* 378; 8 *id.* 343; 11 *id.* 216.)

The complaint was on a promissory note, and alleged that the said defendant, on the 22d day of April, 1856, at, &c., made his promissory note in writing, dated that day, whereby, for value received, he promised to pay to William Rork, or order, one hundred and thirty-two dollars and fifty cents, six months after date, with use ; and then and there delivered the same to the said William Rork.   The complaint then contained a copy of the said note, purporting to be signed Thomas Brown, and a statement that the plaintiff was then the *bona fide* owner and holder of the said note, and that the defendant had not paid the same, or any part thereof, but was justly indebted to the plaintiff therefor. .

The principal defect in this complaint, insisted upon by the defendant, under his demurrer, is, that the complaint does not show that the plaintiff has any interest in the note, or right to maintain an action upon it.   The complaint shows that the note, when made, was the property of William Rork, and, as a promissory note, it could be passed from him only by his order or indorsement. (*Story on Promissory Notes*, §§ 48, 120, 121.)

An inflexible rule of the common law requires that a promissory note, payable to the order of any person, to be negotiated so as to carry to the holder the right of a *bona fide* holder of a negotiable promissory note, should be first indorsed by the person to whose order it was made payable.   When this fact appears on the paper, the holder is presumed to be the *bona fide* owner of the note, and to hold it free from any defence which might be set up by a former party. (*Hedges* agt. *Sealy*, 9 *Barb. Sup. C. Rep.* 214, *and the cases there cited.*)

The complaint in this action does not show any title in the plaintiff to the note, set up in it, as an indorser, or a party to the note, or any right as such to maintain an action upon it.

White agt. Brown.

(21 *Barb. S. C. Rep.* 241.) By the complaint it appears that William Rork is still the owner of the note, and the person to whom it should be paid, and the only person who has a right to direct to whom it should be paid, and that only by his indorsement.

The rule of the common law that requires the payee of a promissory note, payable to him or order, to indorse it, in order to transfer it, does not regard the indorsement as an unmeaning form, or a mere transfer of the note, it is the evidence on which the holder has a right to rely, as against the previous parties, to show that the paper is genuine, and he came honestly and legally by it.

It is true, that the owner of a promissory note, payable to him or order, may, as he may any other chose in action, sell and deliver it to a third person without indorsing it; but by such sale and delivery he does not constitute such third person his indorsee and the *prima facie* owner of the note, as against all previous parties. By the common law he makes him his equitable indorsee, entitles him to all the interest in the note which he has a right to sell, and the right to use his name to enforce it; but by the common law, an action to enforce the collection of the note must be brought in the name of the payee. (*Hedges* agt. *Sealy, 9 Barb. S. C. Rep.* 214, *and cases referred to.*)

Since the Code has abolished all distinction between legal and equitable actions, and requires every action to be prosecuted in the name of the real party in interest, it is held that the assignee of a chose in action—for instance, a promissory note payable to order, and not indorsed—might maintain an action on it in his own name. (*Billings* agt. *Jane*, 11 *Barb. S. C. Rep.* 620.)

But the Code requires that the complaint should contain a plain and concise statement of facts constituting a cause of action. (§ 142, *sub.* 2.) And by § 144, *sub.* 6, the defendant may demur to the complaint when it shall appear upon the face thereof that the complaint does not state facts sufficient to constitute a cause of action. Of the facts necessary to constitute

White agt. Brown.

a cause of action, in favor of an assignee of a chose in action, certainly those by which the chose in action was transferred to him, were not the least important. The facts necessary to produce that result, should have been stated in the complaint.

In the case of *Billings* agt. *Jane,* which was an action on a promissory note payable to order, but not indorsed, the complaint stated that the payee of the note sold and delivered it to the plaintiff before it was due, for a full and valuable consideration. The court held, on demurrer, that this statement showed the ownership of the note *prima facie* to be in the plaintiff. It was a statement that the owner of the note, for a full and valuable consideration, sold and delivered it to the plaintiff, and showed that the equitable title to the note was in the plaintiff, and he was the one, by the Code, entitled and required to bring a suit on it in his own name.

The complaint under consideration contains no such statement of fact. The plaintiff says, that he is now the *bona fide* owner and holder of the said note; this is his conclusion of law. But who is to try whether he is the *bona fide* owner and holder of the note? All questions of fact must be triable by a jury; but the question whether the plaintiff is a *bona fide* owner and holder is a question of law. Besides the plaintiff must show that he owned the note when he commenced the action upon it. This statement only claims that he was the *bona fide* owner and holder when he made the complaint.

The demurrer must be sustained, and judgment must be entered upon it for the defendant, unless the plaintiff, within twenty days after notice of this decision, pay the defendant the costs of this demurrer, and amend his complaint.