# WILLIAM J. STRINGER v. HENRY L. DAVIS.

CHATTEL MORTGAGE ON HOTEL FURNITURE.—To render a chattel mortgage given to secure the purchase money of furniture and upholstery for a hotel or boarding house valid, it must appear that the furniture and upholstery was actually used in a hotel or boarding house.

COMPLAINT IN· ACTION TO FORECLOSE CHATTEL MORTGAGE.—An allegation in a complaint to foreclose a chattel mortgage, that the "furniture and upholstery were furnished for and used in the furnishing of the hotel in the City and County of San Francisco known as the Willows," is not an allegation that the goods were used in a "hotel," nor that they were used in a building called the "Willows," nor that the "Willows" was a hotel.

PLEADING A MATERIAL FACT.—A complaint should alledge a material fact by direct averment, and not by inference.

AMENDMENT OF ANSWER.—If testimony offered by the defendant is rejected by the Court because an allegation of the complaint to which it relates is not properly denied in the answer, the defendant should be allowed to amend his denial if he asks to do so.

AMENDMENTS TO PLEADINGS.—When in the course of a trial it is discovered that pleadings are so defective that the real subject of dispute cannot be finally determined, the Court, if an application is made therefor, should allow amendments on such terms as may be just.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

On the 18th of March, 1865, Armstrong . & Wimmer purchased from plaintiff Stringer a quantity of upholstery and furniture, and to secure a part of the purchase money executed a chattel mortgage on the same. Armstrong & Wimmer were keeping a house called the "Willows," at San Francisco. On the 18th day of May, 1865, one Martin D. Heynemann recovered a judgment against Armstrong in the District Court of the Twelfth Judicial District, City and County of San Francisco, and on the day following procured an execution on the same, which was placed in the hands of the defendant, who was Sheriff, and he by virtue of the same, levied on and took possession of the mortgaged property.

Plaintiff claimed that two days before the levy, Armstrong & Wimmer had surrendered possession of the property to him, and brought an action against the Sheriff to recover possession of the same. The complaint recited the foregoing facts, and to show the validity of the chattel mortgage,

averred : " That said furniture and upholstery was furnished for and used in the furnishing of the hotel, in the City and County of San Francisco, known as the Willows." The answer denied " that said furniture was used in furnishing the hotel, in the City and County of San Francisco, known as the Willows," and contained an averment that " the place called the Willows is not a hotel, and that it was not furnished. or kept for the accommodation of travellers, nor used as a hotel at the time of the alleged purchase," etc.

On the trial the plaintiff's counsel offered the chattel mortgage in evidence, and rested.

The defendant's counsel then moved the Court for a nonsuit, because no proof had been introduced in support of the allegation of the complaint that the upholstery and furniture was furnished for and used in the furnishing of the hotel called the " Willows," and that no proof had been offered in support of the allegation that Armstrong & Wimmer had surrendered possession of the property to plaintiff. The Court denied the motion, and defendant's counsel excepted.

Defendant's counsel called a witness by whom he offered to prove that the " Willows " was not and had not been kept as a hotel. Plaintiff's attorney objected to the evidence as irrelevant under the pleading, and the Court sustained the objection, to which defendant's attorney excepted.

Defendant's attorney then moved the Court for leave to amend the answer, so as to deny that the mortgaged property was furnished for or used in any hotel. The Court refused to allow the amendment, and defendant's attorney excepted.

The Court rendered a judgment in favor of plaintiff for the possession of the property. Defendant appealed from the judgment, and from an order denying a new trial.

*William Hale,* for Appellant, made the points that the validity of the mortgage rested upon the allegation in the complaint, that the upholstery and furniture was furnished for and used in furnishing the hotel known as the " Willows," and that it was necessary that this should appear by appropriate

averment in the complaint, and that a failure to prove these facts entitled the defendant to a judgment of nonsuit.

He also argued that if the denial in the answer was insufficient, the averment in the complaint was also insufficient, and that defendant's application to amend should have been allowed; and cited Practice Act, Sec. 68 ; *Smith* v. *Yreka Water Company*, 14 Cal. 201 ; and *McMillan* v. *Dana*, 18 Cal. 339.

*Collins & Clements*, for Respondent, contended that the answer did not deny that the goods were used in *a hotel*, nor that they were furnished for the hotel known as the " Willows," and that plaintiff's objection to the complaint, if good, came too late, as it should have been made on demurrer. They also contended that it would have been unjust to allow the amendment during the trial, as it might have enabled Heynemann to apply to the satisfaction of his judgment property obtained on credit from the plaintiff, and mortgaged to secure the purchase money.

By the Court, Sanderson, J.:

I. Both complaint and answer are in a measure obnoxious to criticism, but the latter is not more so than the former. The vital fact in the plaintiff's cause of action is as defectively alleged as it is denied. The plaintiff's right to the property is founded primarily upon a chattel mortgage given by Armstrong & Wimmer to secure the purchase money to the plaintiff from whom they bought the goods. To render such a mortgage valid it must appear among other matters that the furniture and upholstery was actually used in a hotel or public boarding house. This fact is attempted to be alleged in the complaint in the following words : " That said furniture and upholstery were furnished for and used in the furnishing of the hotel, in the City and County of San Francisco, known as the Willows." Apply to this allegation the same strictness of construction which counsel for the plaintiff and

the Court below meted out to the defendant and it will appear
to be bad. It is not an allegation that the goods were used
in a hotel nor that they were used in a building called the
" Willows," and that such building was a hotel. There is no
direct averment that the " Willows" is a hotel. If such is
the fact it appears inferentially only. Nor is there any direct
averment that, assuming the " Willows" to be a hotel, the
goods were ever used in it, except inferentially. That " they
were furnished for and used in the furnishing of," etc., is not
an allegation that they were thereafter " used" and *non constat*
that they were. (*Denver* v. *Burton*, 28 Cal. 550.)

It is unnecessary to repeat here the language of the answer,
in which this allegation of the complaint is denied and which
was held insufficient by the Court below. It is sufficient to
say that it is not more defective than the allegation which it
was intended to put in issue. While the Court may not have
erred in holding the denial bad, it erred in not also holding
that the allegation was insufficient to tender an issue. Had
it done so, the defendant's motion for a nonsuit would have
prevailed unless defeated by a counter proposition on the part
of the plaintiff to amend and introduce further evidence.

II. But assuming the allegation of the complaint to be good
and the denial bad, still the Court erred in not allowing the
defendant to amend the denial in the mode proposed. The
reason assigned by the Court for denying the defendant's
motion, to the effect that if the amendment was allowed a
recovery by the plaintiff might thereby be defeated, can hardly
be received as sufficient; on the contrary it would seem to be
a very good reason why the amendment should have been
allowed, if, as provided, amendments are to be allowed or
denied in furtherance of substantial justice, by which we
understand such justice as the law administers when correctly
applied and not such as may be dictated by the abstract and
varying notions of an individual as to what the equities of the
case may be. It is true that motions of this character are
said, in general terms, to rest very much in the discretion of

41

the Court; but the discretion intended, as we have often had occasion to remark, is a legal discretion to be guided by the fixed principles of law.

When it was discovered that the pleadings were defective, the Court should have afforded an opportunity to amend. Such was the only way in which the real subject of dispute could be reached, tried `and finally determined. From the course pursued, it is apparent that no trial has been had upon the only question about which there is any substantial controversy. That such has been the case is not the unpardonable fault of the defendant. On the contrary the fault is primarily with the plaintiff. Had his allegation been what it ought to have been, it is more than probable that the defendant's denial would have been all that it ought to have been. The defective denial was invited and provoked by the defective allegation. The chief fault of the defendant was in the attempt to deny the allegation at all, instead of treating it as fatally defective, which he might have safely done. Had the defendant pursued this course, the Court would doubtless have allowed the plaintiff to amend, upon a discovery of the defect, but the defendant would then have had a direct instead of an indirect averment to meet, and could have met it directly instead of indirectly, as he was in a measure forced to do.

Upon the return of the case to the Court below, both parties will be allowed to amend their pleadings in the particular noticed and in other respects, if they so desire.

Judgment reversed and a new trial ordered.