JAMES D. GARNER, Plaintiff in Error, *v.* GEORGE H. McCUL-LOUGH, Defendant in Error.

1. *Practice, civil — Petition — Failure of to state facts sufficient to constitute a cause of action — In such case all testimony may be objected to.* — An objection to a petition that it does not state facts sufficient to constitute a cause of action, may be taken by objection to the admission of any testimony whatsoever.

2. *Practice, civil — Petition, averments in, what sufficient.* — In a suit to recover damages for an invasion of plaintiff's possession or right of possession, the petition failing to aver that plaintiff was ever in possession, or that defendant's acts were wrongful, is bad. In such a petition the averment that plaintiff was "entitled to the exclusive possession" of the premises is an assumption of law, and is also bad.

### *Error to Clinton Circuit Court.*

*H. M. & A. H. Vories*, for plaintiff in error.

The petition states a cause of action. (Ramsours v. Campbell, 19 Mo. 358.)

*J. M. Riley*, for defendant in error.

I. The petition does not state facts sufficient to constitute a cause of action.

(*a*) Plaintiff does not state in his petition the terms and substance of his contract by which he claims, or upon which he relied. (Bowling v. McFarland, 38 Mo. 465.)

(*b*) The petition fails to show what remedy is sought, or upon what ground the suit is based. (Bankston, Adm'r, v. Farris, 26 Mo. 175; Biddle v. Boyce, 13 Mo. 532.)

CURRIER, Judge, delivered the opinion of the court.

The defendant answered the petition, and put in issue the facts therein alleged. At the trial the plaintiff's evidence was objected

to and excluded upon the ground that the proof of all the facts alleged would not warrant a recovery. In other words, the objection was taken in the form of an objection to the evidence, that the petition did not state facts sufficient to constitute a cause of action. It is averred in the petition that the plaintiff, in virtue of a contract with one Evans, was entitled to the exclusive possession of certain premises ; that the premises, subsequently to the making of the Evans contract, were purchased by the defendant, with a knowledge of the plaintiff's rights ; and further, that the defendant forcibly took possession of them and excluded the plaintiff. Who Evans was, or what his relations to the premises might have been, the petition fails to show ; as it also fails to show the nature of the supposed contract. The suit seems to have been brought to recover damages for an invasion of the plaintiff's possession or right of possession ; but it is not averred that the plaintiff was ever in possession, or that the defendant's acts were wrongful. The Evans contract is not set out either in substance or legal effect. The averment that the plaintiff was " entitled to the exclusive possession " of the premises is the statement of a mere conclusion of law, from facts which were traversable, and which are not set out in the petition. (Smith v. Dean, 19 Mo. 63.)

The petition is clearly bad, and the judgment will be affirmed. The other judges concur.