[S. F. No. 1562.   Department One.—December 31, 1900.]

BENJAMIN C. MARR, Respondent, v. M. G. RHODES, Appellant.

EXCHANGE OF LANDS—DELIVERY OF DEEDS—ESCROW—RELATION—RIGHTS OF PARTIES.—Deeds placed in escrow upon an exchange of lands, when finally delivered after all the conditions of the agreement have been fulfilled, relate to the date of their execution, and the rights of the parties are the same as if the deeds had been fully delivered on such date.

ID.—DELIVERY OF POSSESSION OF RANCH—TITLE TO CROP.—Where, at the time of the placing of the deeds in escrow, possession was delivered to the plaintiff of the land exchanged by the defendant,

upon which a prune crop was then growing, and plaintiff thereafter defrayed the expenses of caring for and gathering the crop, he is the owner thereof, and entitled to its proceeds as against the defendant.

ID.—ACTION FOR PROCEEDS OF CROP—COUNTERCLAIM—EXPENSE INCURRED BY DEFENDANT—AMENDMENT TO ANSWER.—In an action to recover the proceeds of a prune crop belonging to the plaintiff, which was taken and sold by the defendant, where it appears that the defendant had expended a certain sum for labor and supplies in raising the crop, and sought to have it considered as an offset or counterclaim to plaintiff's demand, it is error to refuse to allow an amendment to the answer to plead the same upon such terms as may be just under the circumstances.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial. A. S. Kittredge, Judge.

The facts are stated in the opinion of the court.

C. D. Wright, and John Reynolds, for Appellant.

Archer & Archer, for Respondent.

VAN DYKE, J.—Prior to September 10, 1895, the appellant was the owner of a tract of land in Santa Clara county containing about twenty acres, on which there was a fruit orchard, and respondent was the owner of some improved property in Riverside county under rental and some unimproved property in Los Angeles county. At that time the parties agreed upon the exchange of their properties, the appellant selling his tract of land in Santa Clara county to the respondent, and the respondent selling his Riverside and Los Angeles property to the appellant, and also assigning to appellant certain certificates of mining stock, and a payment in cash of seven hundred and fifty dollars as the difference between the properties, and a written agreement was entered into between the parties; and at the same time the lease of the Riverside property was assigned to the respondent. Deeds were made by the respective parties conveying the respective pieces of property according to said agreement, which deeds were left in the hands of C. D. Wright to be delivered when the title to said respective pieces of property should be made satisfactory. After the ex-

ecution of the papers and the delivery of the deeds in escrow, the parties on the same day went upon the property in Santa Clara county and the appellant pointed out and explained to the respondent what he should know concerning the orchard property in question, as the respondent did not live in California, but in Illinois. The appellant also at the same time recommended one Rose, who had previously cultivated and cared for the orchard under his, appellant's, employment, as a good and competent man to look after and cultivate the place for the respondent, and it was agreed by the parties at the time that appellant was to pay the taxes on the Los Angeles and Riverside property, and respondent was to pay the taxes and expenses on the Santa Clara property, which was done; the expenses of cultivating and caring for the orchard were to be paid by the respondent. Shortly after this the appellant saw Rose, the man whom he had recommended, and informed him of the exchange of properties, and that thereafter he would be working for Mr. Marr, and not for himself, and directed him, Rose, to attend well to the orchard and that expenses would be paid by Mr. Marr. From that time Rose understood that he was working for Marr, and not for Rhodes, and the bills for the expense of caring for the orchard were sent to Marr, either directly or through Rhodes, which bills Marr paid.

Some hitch occurred causing delay in passing the title of the properties sold to the appellant, so that the deeds were not delivered to the respective parties until December 24, 1896.

In the meantime a crop of prunes, grown on the orchard in question, were prepared for market, and in November, 1896, were sold by appellant for one thousand and eighty-nine dollars and ninety-five cents, and on refusing to pay over this sum to the respondent this action was brought to recover the same. The answer denies that the plaintiff was the owner or in possession of the prunes in question and avers that the defendant had said crop of prunes on hand, which was the product of the orchard for the year 1896, which crop he sold for the sum stated, but denies that he received said sum to or for the use or benefit of the appellant, or to or for the use of any other person than said defendant.

The court found in favor of the plaintiff, and judgment was entered accordingly, from which judgment and from the order denying defendant's motion for a new trial defendant appeals.

When all the conditions of the agreement between the parties had been complied with, and the deeds delivered, they related to the day of their execution and the rights of the parties existed just as if the deeds had been fully delivered on the day of their date. (*McDonald v. Huff*, 77 Cal. 279.) Besides, here the plaintiff was put in possession of the premises on which the prunes were grown, and defrayed the expenses of caring for and gathering the crop. The court therefore correctly held that the plaintiff was the owner of the crop of prunes and entitled to the proceeds thereof.

It developed during the progress of the trial by the testimony of the defendant that he had paid out for labor and supplies in raising the crop of prunes the sum of two hundred and seventy-eight dollars and sixty-four cents, and the defendant sought to have this considered as an offset against the amount of the proceeds of the sale of said prunes. The court held that under the pleadings the defendant could only deduct such expenses as he was put to in marketing the prunes; but the claim for labor and materials in connection with raising the prune crop could not be considered, inasmuch as the answer contained no plea of such offset or counterclaim. Whereupon counsel for defendant moved the court for leave to amend the answer of defendant by setting up an offset in his favor against the plaintiff. This motion the court denied, to which ruling the defendant duly excepted.

We think the court should have allowed the defendant to amend his answer to enable him to prove facts which would have constituted an offset or defense to plaintiff's demand as proposed; and if by reason of such amendment the plaintiff would have been taken by surprise and required further time to prepare to meet the defense, the case could have been continued, or such terms imposed as might seem just under the circumstances. (*Stringer v. Davis*, 30 Cal. 321; *Guidery v. Green*, 95 Cal. 630.) In the latter case the court in its opinion says: "It can very rarely happen that a court will be justified in refusing a party leave to amend his pleading so that he may

properly present his case, and obviate any objection that the facts which constitute his cause of action or his defense are not embraced within the issues or properly presented by his pleading." (See, also, *Burns v. Scooffy*, 98 Cal. 271.)

· The judgment and order denying a new trial are reversed and the cause remanded.

Harrison, J., and Garoutte, J., concurred.